1 **WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONIQUE L. MILLER<br><br>Plaintiff,<br><br>v.<br><br>SENTRY CREDIT, INC.,<br><br>Defendant. | Case No. 5:19-cv-01169<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, MONIQUE L. MILLER, through counsel, WAJDA LAW GROUP, APC, complaining of SENTRY CREDIT, INC., as follows:

**NATURE OF THE ACTION**

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. MONIQUE L. MILLER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Riverside, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. SENTRY CREDIT, INC. ("Defendant") is a foreign limited liability company with its principal place of business located in Everett, Washington.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. Plaintiff purchased a 2015 Chevrolet Cruze, financing it through an installment loan (the "Loan") with Alta Vista Credit Union.

12. Plaintiff defaulted on the Loan, as a result of which, Alta Vista Credit Union repossessed the vehicle and sold it at auction, leaving a $11,786.09 deficiency balance.

13. Plaintiff's $11,786.09 deficiency balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Plaintiff's $11,786.09 deficiency balance is a "debt" as defined by Cal. Civ. Code. § 1788.2(d).

15. Plaintiff's $11,786.09 deficiency balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

16. On or before March 20, 2019, Alta Vista Credit Union referred Plaintiff's Loan to Defendant for collection.

17. Weeks later, Defendant verbally offered to accept $9,000.00 in lump-sum or payments of $400.00 to resolve this debt.

18. Defendant indicated Plaintiff's Loan will continue to accrue interest at 14% per annum **_or_** per diem – **_at Defendant's discretion_**.

19. Moreover, Defendant indicated that they will seek judgment/garnishment without immediate payment.

20. On multiple occasions thereafter, Defendant reiterated that they will seek judgment/garnishment without payment.

21. Several months have passed – _to date_ – no collection proceedings have been commenced against Plaintiff.

## DAMAGES

22. Defendant's false, deceptive, and misleading representations and threats have caused anxiety that Plaintiff's Loan will "balloon" to an insurmountable amount or that collection proceedings/garnishment were imminent without prompt payment.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 _et seq._)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

24. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)   The false representation of –

    (A)   the character, amount, or legal status of any debt;

(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken; and

  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), e(5) and e(10).

  25. Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(5) and e(10) by falsely suggesting interest will accrue per diem as opposed to per annum – at Defendant's discretion.

  26. Defendant violated 15 U.S.C. § 1692e(5) by threat of action – namely, *collection proceedings/garnishment to collect Plaintiff's unpaid Loan* – that Defendant did not intend to take.

  27. Defendant's threat of collection proceedings/garnishment was an empty threat designed to intimidate Plaintiff into making a payment.

  28. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(5) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

  (1) any actual damage sustained by such person as a result of such failure;

  (2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

  A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(5) and e(10);

  B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

  C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.17

30. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

31. As alleged, Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(5) and e(10); therefore violating Cal. Civ. Code § 1788.17.

32. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff request the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: June 25, 2019

Respectfully submitted,

**MONIQUE L. MILLER**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com